Case 05-10918-rlj7 Doc 10 Filed 01/18/06 Entered 01/18/06 16:03:40 Page 1 of 3



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed January 18, 2006                United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BILLIE C. CURLEE AND | § | CASE NO. 05-10918-RLJ-7 |
| OLAN CURLEE, | § | |
| | § | |
| DEBTORS | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion of the United States Trustee (the "UST") seeking to dismiss Olan Curlee as a debtor in this joint bankruptcy filing under chapter 7 of the Bankruptcy Code. Counsel for the UST and counsel for the debtor Olan Curlee submitted the issue to the Court on the pleadings. The Court accepts as true the factual matters raised by the pleadings.

Olan Curlee is apparently in the advanced stages of Alzheimer's disease; he executed a Durable Power of Attorney granting his wife, Billie Curlee, broad authority to administer his affairs. Although the document does not specifically grant authority to file bankruptcy, it does reference "claims and litigation," "personal relationships and affairs," and the catch-all "all other

matters." The question presented is whether the power of attorney grants sufficient authority to Billie Curlee to file a bankruptcy on Olan Curlee's behalf.

The UST and the debtors' attorneys direct the Court's attention to two cases from the Northern District, *In re James* (an opinion by Judge Lynn) and *In re Sell* (an opinion by Judge Felsenthal), that reach different conclusions upon considering whether to dismiss a case filed under a power of attorney. Although these opinions reach different conclusions, they are not necessarily in conflict. Because the case at hand is more factually similar to *In re James*, Case No. 05-46095-DML-7 (Bankr.N.D. Tex. Oct. 18, 2005), the Court follows the decision of Judge Lynn in *James*.

The case urged by the UST as more appropriate, *In re Sell*, Case No. 98-36193-SAF-7 (Bankr. N.D. Tex. Oct. 2, 1998), is distinguishable from the circumstance of Mr. and Mrs. Curlee. Judge Felsenthal granted the dismissal in *Sell* but noted the duplicative nature of the proceedings pending before the state probate court and those in the bankruptcy case. In *Sell*, the debtor, whose niece used a power of attorney to file the petition, died after the case was filed with an estate sufficiently substantial to allow her heirs to retain an interest after all creditors were satisfied. Because Judge Felsenthal determined that both the bankrupcty proceedings and the probate proceedings would, in effect, be controlled by the same state laws and would address the same issues, he dismissed the bankrupcty case in deference to the state probate court.

Olan Curlee's situation is similar to that of the debtor in *In re James* where Judge Lynn determined dismissal was not in the best interest of the debtors thereby denying the motion. Several observations made by Judge Lynn are instructive in the instant case. The debtor in *James* had signed a power of attorney that is virtually identical to the power of attorney signed by Mr.

Curlee. *See In re James*, at 2. Judge Lynn said that "the catch-all provision giving her authority to represent Debtor in 'all other matters' demonstrates Debtor's intent to convey a broad authority to her daughter that would enable her to represent Debtor with respect to matters, such as the filing of a bankruptcy petition, that might not be specifically foreseeable at the time the power of attorney was executed." *Id*. at 4. There, as here, the debtor was effectively incapacitated and the power of attorney included "all other matters" in the powers granted. There is no reason to believe that Mr. Curlee could have foreseen the necessity of filing bankruptcy any more than the debtor in *James*. Judge Lynn stated: "A requirement of a specific reference to bankruptcy filing in the power of attorney could defeat a debtor's intent to have all of her affairs handled by her designated attorney-in-fact in the event of her incapacity. Such a requirement could cause the debtor's estate to be unnecessarily harmed by denying or delaying much-needed bankruptcy protection." *Id*. at 3.

Upon the foregoing authority, it is hereby

ORDERED that the UST's motion to dismiss is denied.

### End of Memorandum Opinion and Order ###